REGINO DE LOS SANTOS v. THE STATE.

No. 18137.    Delivered April 8, 1936.

The opinion states the case.

*Pope & Pope,* of Laredo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The testimony adduced by the State is, in substance, as follows: On March 24, 1935, the deceased, his wife, and child attended a fiesta. The wife and child preceded the deceased to their home by a few minutes. When the deceased arrived at home he found appellant on the porch leaning against the door. When he, deceased, spoke to appellant he started running toward the back yard and deceased pursued him some two

hundred yards into the field of Cosme Sosa, where the deceased was about to overtake him, when suddenly appellant turned and shot the deceased. After the deceased was shot, he caught appellant, threw him on the ground, took the pistol from him, and then went home with it. The State's testimony further shows that deceased told appellant some three or four weeks prior to the fatal night not to come to his home when he, deceased, was absent. Prior to the time that such instructions were given by the deceased to him, appellant had not been to the home of the deceased at a time when he was not there.

The appellant's version of the affair is that some time prior to the fatal shooting deceased told him that he did not want to see him, appellant, near his home when he, deceased, was not there and if he did, he would kill him; that on the fatal night just prior to the shooting, while appellant was going along the street in front of the deceased's home, deceased addressed the following remark to him, "You s— of b—, I will kill you"; that when this remark was made he ran into the yard of deceased and from there into Cosme Sosa's field until he was out of breath and could not run any longer; that he realized deceased was about to catch him and he suddenly turned and shot five shots, three of which took effect; that after being shot, deceased did catch him, threw him to the ground, disarmed him, and then went home taking the pistol with him.

The appellant has but one bill of exception to the introduction of certain testimony. The bill appears to have been filed too late. The record shows that the court adjourned for the term on the 20th day of July, 1935, and the bill was not filed until September 16, 1935. The bill should have been filed within thirty days from the date of adjournment of the court unless the time in which to do so was extended by an order of the court spread upon the minutes. See Art. 760, C. C. P.

Appellant within the time prescribed by law addressed a number of objections to the court's charge, but we deem it necessary to discuss but the one which is addressed to the following charge:

"Now, if you believe, from the evidence, that the defendant, Regino de los Santos, was at the home of the deceased immediately prior to the shooting for the purpose of having carnal knowledge of Constancia Guzmano, the wife of Daniel Guzman, and deceased, believing that to be his purpose, then and there pursued Regino de los Santos and attempted to kill him, or do him serious bodily injury, and in resisting said attack, if any,

the defendant shot and killed Daniel Guzman, the said defendant's right of perfect self-defense would be abridged, and you should find him guilty of murder without malice and assess his punishment at confinement in the state penitentiary for a term of not less than two or more than five years."

The appellant objected to said charge on the ground that it was not authorized by any evidence, that there was no testimony that appellant had ever had any illicit relations with the wife of the deceased. We believe appellant's contention should be sustained. There is no testimony in this record which shows appellant ever had any illicit relations with the wife of deceased or ever had attempted to have such relations with her or that he was there for that purpose. It is true that there is testimony to the effect that the deceased did not want appellant to come to his home when he was not there, but this did not justify the court in assuming that appellant was going or had gone to the home of deceased for the purpose of having illicit relations with the wife. It was assuming an unlawful intent on the part of appellant, a fact not supported by any testimony. The effect of this charge was to tell the jury that, if the deceased believed appellant was at his home for the purpose of having carnal knowledge of his wife, and acting on such belief, pursued appellant and attempted to kill or inflict serious bodily injury upon him, and the appellant in resisting or repelling such an attack killed the deceased, he would be guilty of murder without malice. In other words under such a state of facts appellant's right of self-defense was destroyed, at least in part, by what was in the mind of the deceased as to what appellant's intentions were in being at the home of the deceased. We are not unmindful of the fact that if one by his own wrongful act, produces a condition of things where it becomes necessary, for his own safety, to take life, then the law imputes to him his own wrong and its consequences and his perfect right of self-defense, under such a state of facts, is limited and abridged. Even if it be conceded that appellant was a trespasser when he went to the home of the deceased after having been told not to do so when he, deceased, was not at home, yet after appellant had left the premises and gone into the field of Sosa he was not any longer a trespasser, and being pursued and attacked by deceased in the field, his right of self-defense was not abridged.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.